**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAY R. SCHECTER,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **NO.  11-1617** |
| | : | |
| **BUCKS COUNTY, DEPUTY WARDEN** | : | |
| **LILLIAN BUDD and SGT. RONALD** | : | |
| **LORENZ,** | : | |
| | : | |
| **Defendants.** | : | |

**DuBOIS, J.**                                                                                       **July 12, 2011**

**M E M O R A N D U M**

## I.  INTRODUCTION

In this case, pro se plaintiff Jay R. Schecter asserts that his civil rights were violated when he was denied kosher meals during a period of incarceration at the Bucks County Correctional Facility ("BCCF").  Presently before the Court is defendants' motion to dismiss.[1]  For the reasons that follow, that motion is granted.

## II.  BACKGROUND

Plaintiff was admitted to BCCF on or around October 27, 2008.  (Compl. at 9.)  Upon his arrival, he informed defendant Deputy Warden Lillian Budd that he kept a kosher diet.  (Id.)

---

[1] Also before the court are plaintiff's motions for summary judgment and default judgment.  Those motions are based on the inaccurate assertion that defendants failed to timely respond to his Complaint.  Defendants timely responded to the Complaint by filing the pending motion to dismiss on June 27, 2011.  (See Defs.' Resp. to Pl.'s Mot. for Default J. and Mot. for Summ. J., Ex. A.)  Accordingly, plaintiff's motions are denied.

Budd told plaintiff that she was aware of the requirements of a kosher diet and would provide plaintiff kosher hot dogs for all of his meals.  (Id.)

Shortly thereafter, however, plaintiff spoke with Sgt. Ronald Lorenz,[2] who informed plaintiff that he would not be given meals of kosher hot dogs.  (Id. at 10.)  Instead, plaintiff was told he would be given the same meals as other inmates, supplemented by a bowl of peanut butter.  (Id.)  Plaintiff alleges that he was forced to consume non-kosher food while at BCCF. (Id.)  He also contends that he suffered "internal problems" as a result of the weight loss occasioned by his lack of access to kosher food.  (Id. at 3.)  His term of incarceration at BCCF ended on February 26, 2009.  (Defs.' Mot. to Dismiss, App. C.)

In this action, plaintiff seeks $25,000 in "actual and punitive damages" from Budd, Lorenz and Bucks County.  (Compl. at 5.)  Defendants have moved to dismiss, alleging, inter alia, that defendants' claims are all time barred.  Defendants' motion is fully briefed and ripe for review.

## III.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion.  In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all factual allegations as true, [and] construe[s] the complaint in the light most favorable to the plaintiff . . . ." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to

---

[2] In his Complaint, plaintiff erroneously refers to this defendant as Sgt. Michael Lorenz. Defendants have corrected that error.

relief above the speculative level . . . .'" <u>Victaulic Co. v. Tieman</u>, 499 F.3d 227, 234 (3d Cir.

2007) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  A complaint must

contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550

U.S. at 570).  To satisfy the plausibility standard, a plaintiff's allegations must show that

defendant's liability is more than "a sheer possibility." <u>Id.</u>  "Where a complaint pleads facts that

are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility

and plausibility of entitlement to relief.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).

       In <u>Twombly</u>, the Supreme Court utilized a "two-pronged approach," which it later

formalized in <u>Iqbal</u>.  <u>Iqbal</u>, 129 S. Ct. at 1950; <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203,

210-11 (3d Cir. 2009).  Under this approach, a district court first identifies those factual

allegations that constitute nothing more than "legal conclusions" or "naked assertions."

<u>Twombly</u>, 550 U.S. at 555, 557.  Such allegations are "not entitled to the assumption of truth"

and must be disregarded.  <u>Iqbal</u>, 129 S. Ct. at 1950.  The court then assesses "the 'nub' of the

plaintiff['s] complaint – the well-pleaded, nonconclusory factual allegation[s] . . . to determine"

whether it states a plausible claim for relief.  <u>Id.</u>

       Finally, a court may grant a motion to dismiss if an affirmative defense – such as the

expiration of a statute of limitations – is evident from the face of the complaint.  <u>Victaulic Co.</u>,

499 F.3d at 234 (citing <u>In re Tower Air, Inc.</u>, 416 F.3d 229, 238 (3d Cir. 2005)).

## IV.  DISCUSSION

       Plaintiff has filed a form Complaint, alleging violations of his civil rights under 42 U.S.C.

§ 1983.  In addition, in his response to the pending motion to dismiss, plaintiff appears to allege a

-3-

claim under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42

U.S.C. § 2000cc et seq.  Because plaintiff did not assert an RLUIPA claim in his Complaint, such

a claim cannot serve as the basis for relief.  Nevertheless, the Court will address plaintiff's claims

under both statutes.

    A.  Section 1983

    42 U.S.C. § 1983 provides, in part, that

> [e]very person, who, under color of any statute, ordinance, regulation,
> custom, or usage, of a State or Territory . . . subjects, or causes to be
> subjected, any citizen of the United States . . . to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be liable
> to the party injured in an action at law . . . .

This statute does not create substantive rights; rather, it provides a remedy for violations of rights

established elsewhere.  City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); Kneipp v.

Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  In order to state a claim under § 1983, a plaintiff

must allege that a person acting under color of state law caused a deprivation of a right secured

by the Constitution.  See Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995).

    Congress did not create a statute of limitations for § 1983 actions.  Thus, "federal district

courts must 'borrow' state laws of limitations governing analogous state causes of actions."

Nelson v. Cnty. of Allegheny, 60 F.3d 1010, 1012 (3d Cir. 1995) (citation omitted).  In

Pennsylvania, a § 1983 action is governed by the state's two-year statute of limitations for

personal-injury actions.  Id.; see also 42 Pa. Cons. Stat. § 5524.

    In this case, the actions alleged in this case occurred starting on or about October 27,

2008.  (Compl. at 9.)  Even assuming the denial of kosher food continued throughout the

remainder of plaintiff's term of incarceration, it would have stopped when he left BCCF on

-4-

February 26, 2009. (Defs.' Mot. to Dismiss, App. C.) Plaintiff's initial motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> was filed on March 7, 2011. That motion tolled the statute of limitations. However, it was filed more than two years after the last day of plaintiff's term of incarceration at BCCF, February 26, 2009. Thus, plaintiff's § 1983 claim is time barred and must be dismissed.

     B. <u>RLUIPA</u>

     The Court next turns to plaintiff's purported RLUIPA claim. RLUIPA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person . . . (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).

     Under the circumstances of this case, plaintiff cannot state an RLUIPA claim. To the extent plaintiff seeks money damages against Budd and Lorenz in their official capacities and against Bucks County, the Supreme Court recently held that such relief is barred by sovereign immunity. <u>Sossamon</u> <u>v. Texas</u>, 131 S. Ct. 1651, 1660 (2011). To the extent plaintiff seeks money damages against Budd and Lorenz in their individual capacities, such relief is not available under RLUIPA. <u>See</u> <u>Nelson v.</u> <u>Miller</u>, 570 F.3d 868, 889 (7th Cir. 2009); <u>Rendelman v. Rouse</u>, 569 F.3d 182, 189 (4th Cir. 2009); <u>Sossamon v. Lone Star State of Texas</u>, 560 F.3d 316, 329 (5th Cir. 2009).[3]

     In sum, even had plaintiff alleged that defendants' actions violated RLUIPA, he would be unable to maintain a cause of action under the statute.

---

[3] The Third Circuit has not addressed whether individuals can be held liable under RLUIPA in their individual capacities. <u>See</u> <u>Brown v. D.O.C. PA</u>, 265 F. App'x 107, 111 n.3. (3d Cir. 2008). However, the clear weight of authority thus far holds that they cannot.

**V. CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is granted, and plaintiff's Complaint is dismissed with prejudice.  An appropriate order follows.